[742 NYS2d 110]

In the Matter of JOSEPH CERBONE (Admitted as JOSEPH J. CER-
BONE), an Attorney, Respondent. GRIEVANCE COMMITTEE
FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 13, 2002

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gary D. Egerman* of counsel), for petitioner.

*Joseph Cerbone*, Mt. Kisco, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated January 18, 2001, containing four charges of professional misconduct. After a hearing on June 25, 2001, Special Referee Becker sustained all four charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent cross-moves to disaffirm the Special Referee's report.

Charge One alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent was retained by Diane Treanor shortly after the death of her father, Anthony DeLaura, on July 19, 1997, to handle the probate of the estate. Ms. Treanor was the named executrix in the will drafted by the respondent.

On or about July 8, 1999, New York State issued a tax refund check in the amount of $18,393.36 payable to the order of "Diane Treanor, executrix, c/o Joseph J. Cerbone, Esq." The respondent deposited that check into his attorney trust account at the Hudson Valley Bank, without Treanor's endorsement, knowledge, or consent.

Charge Two alleges that the respondent failed to maintain a duly-constituted escrow account in breach of his fiduciary duty, by converting funds entrusted to him to be held in escrow. Such conduct adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On or about July 12, 1999, the respondent issued a check in the sum of $6,490 from his attorney trust account, payable to his own order. That sum represented legal fees allegedly due and owing the respondent with respect to the estate of Anthony DeLaura. The respondent issued that check without the knowledge and/or consent of Ms. Treanor, the executrix, and thereby converted funds belonging to the estate.

Based on the evidence adduced, the Special Referee concluded that the respondent failed to appropriately handle estate as-

sets and properly sustained Charges One and Two. However, we find that the petitioner failed to meet its burden of proof with respect to Charges Three and Four and that the Special Referee improperly sustained those Charges. Accordingly, the petitioner's motion to confirm the Special Referee's report should be granted to the extent of sustaining Charges One and Two and the respondent's cross motion should be granted to the extent of not sustaining Charges Three and Four. The motion and cross motion should otherwise be denied.

In determining an appropriate measure of discipline to impose, the respondent has attempted to explain his reasoning in handling the estate as he did. He testified that he handled matters in the manner in which the decedent, whom he had known for approximately 50 years, would have wanted him to. He emphasizes that he did nothing to cause any loss to the estate. The respondent seeks to justify his handling of the estate check by noting that he had handled an estate check for $107,236.61 in precisely this manner in 1997, with no complaints from Ms. Treanor.

The respondent made reference to his close friendship with Ms. Treanor's father for over 50 years and continued to ask Ms. Treanor why she had failed to communicate with him. He also asks the Court to consider that he was, during the time period involved here, caring for his invalid mother and sister at home.

The petitioner has provided the Court with a copy of a Letter of Admonition, dated October 4, 1996, which emanates from a complaint in April 1996, based upon the respondent having been publicly admonished by the State Commission on Judicial Conduct in his capacity as a Mt. Kisco Village Justice. The Committee concluded that by making an ex parte telephone call to a complainant/witness regarding a criminal case pending before him, by making favorable comments to the complainant/witness with respect to the defendant, by failing to advise anyone that he had telephoned the complainant/witness and had represented the defendant's family in the past, and by dismissing the charges over the objections of the prosecutor, the respondent was guilty of engaging in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law.

Under the totality of circumstances, including the absence of venality, the respondent is suspended from the practice of law for one year.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and CRANE, JJ., concur.

Ordered that the petitioner's motion to confirm and the respondent's cross motion to disaffirm the report of the Special Referee are granted to the extent that Charges One and Two are sustained and Charges Three and Four are not sustained; and it is further,

Ordered that the motion and cross motion are otherwise denied; and it is further,

Ordered that the respondent, Joseph Cerbone, is suspended from the practice of law for a period of one year, commencing June 13, 2002, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that during the said period he refrained from practicing or attempting to practice law, he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Joseph Cerbone, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.